# SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims (the "Agreement") is entered into by and between, on the one hand, Lisa Newman ("Lisa") and Michael Newman ("Michael"), on their own behalf and on behalf of their minor children, S.N., E.N., and C.N. (collectively, the "Newman Children" and together with Lisa and Michael, "the Newmans"), and, on the other hand, Nazcr Trac Property Owner's Association, Inc. (the "Association"), and Kevin Burt ("Burt" and together with the Association, "Defendants").

## Recitals

**WHEREAS**, the Association is a Wisconsin not-for-profit organization whose purpose is to serve as a homeowners association and whose members are all owners of real property within a subdivision known as the Nazcr Trac subdivision;

**WHEREAS**, the Newmans live at 2340 Daytona Speedway, De Pere, Wisconsin, which is located within the Nazcr Trac subdivision and, as a result, they are members of the Association;

**WHEREAS**, Burt has served as the president of the Association;

**WHEREAS**, a dispute arose between the Newmans and the Association as to whether the Newmans would be allowed to build a fence in their yard, despite deed restrictions precluding such a fence, as an accommodation for the Newman Children, each of whom has been diagnosed with autism;

**WHEREAS**, due to that dispute, on August 11, 2021, the Newmans filed a lawsuit against the Association and Burt in the United States District Court for the Eastern District of Wisconsin, Case No. 21-cv-945 (the "Lawsuit"), alleging violations of the Fair Housing Act and asking for declaratory judgment and injunctive relief;

**WHEREAS**, Defendants denied that they violated the Fair Housing Act or otherwise engaged in any wrongdoing with regard to Plaintiffs; and

**WHEREAS**, Plaintiffs and Defendants desire to resolve their differences and settle any and all claims or disputes, whether known or unknown, which exist between them with finality and without the further expenditure of time, effort or money and without any admission of liability.

**NOW, THEREFORE**, in consideration of the mutual promises set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties, intending to be bound hereby, agree as follows.

## Agreements

1. **Settlement with Burt.** In consideration of Plaintiffs' dismissal and release of all claims against him, both personally and in his role as president of the Association, and the provision of a resolution by the Association's Board of Directors approving the activities described

in Section (2)(a) hereof, Burt shall pay Plaintiffs a sum total of Ten Thousand and 00/100 Dollars ($10,000.00), which shall be paid on or before [PAYMENT DATE] and shall be made payable to [PAYEE NAME]. Upon receiving the payment described herein, Plaintiffs and Defendants, through counsel, shall execute and submit a Stipulation and proposed Order for Dismissal of Plaintiffs' claims against Burt.

2. **Settlement with the Association.**

a. The Association, via its Board of Directors, shall schedule and call a Special Meeting of its members pursuant to Article VIII of the Association's by-laws. Such meeting shall be held within ninety (90) days of the date this Agreement is fully executed by the parties. At that meeting, the Association, via its Board of Directors, shall explain the Lawsuit and make a motion supporting that an assessment be levied against each membership unit of the Association in the amount of One Thousand Three Hundred Fifty and 00/100 Dollars ($1,350.00), payable in two installments of Six Hundred Seventy-Five and 00/100 Dollars ($675.00) due on or before January 1, 2025, and January 1, 2026, and payable to "Nazer Trac Property Owner's Association, Inc., f/b/o Michael and Lisa Newman." The Association, through its Board of Directors and any members present at the Special Meeting described herein, shall waive the meeting quorum requirements set forth in Article VII, paragraph 3 of the Association's by-laws.

b. If the vote described in Section (2)(a) is successful under the Association's by-laws (i.e., by a majority vote of all members present (in person or by proxy) at the Special Meeting), the Association, through its Board of Directors, shall levy the assessments described in Section (2)(a) and shall assign its rights of collection of same to Michael and Lisa. Upon the levying of such assessments, Plaintiffs and Defendants, through counsel, shall execute and submit a Stipulation and proposed Order for Dismissal of Plaintiffs' claims against the Association.

c. If the vote described in Section (2)(a) is unsuccessful under the Association's by-laws (i.e., it does not receive a majority vote of all members present (in person or by proxy) at the Special Meeting), the Association shall confess to a judgment against it in the Lawsuit for the sum total of Two Hundred Thousand and 00/100 Dollars ($200,000.00), which shall be entered by the Court in the Lawsuit. Upon entry of such a confessed judgment, the Association will not interfere with any attempts by Plaintiff, independently or through counsel, to collect some, or all, of such judgment amount against the Association's members (with the exception of Burt, whose entire liability with regard to the Lawsuit or Plaintiffs' claims therein have been resolved pursuant to this Agreement).

d. Plaintiffs and Defendants, through counsel, shall collaborate on the language of the specific motion to be made at the Special Meeting, as described in Section (2)(a), and messaging with regard to same.

3. **Tax Consequences.** The Newmans shall be solely responsible for any federal, state and/or local taxes that may be, or become, due and payable as a result of their receipt of any payments hereunder. The Newmans agree to indemnify and hold Defendants harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax

obligations that may arise from the payments they receive pursuant to this Agreement. Any adverse tax consequences shall not be a basis to set aside this Agreement.

4. **No Other Complaints.** The Newmans represent and warrant that none of them, or they, collectively, have filed or otherwise pursued any charges, complaints or claims of any nature with any local, state or federal agency or court with respect to any matter covered by this Agreement, except for the Lawsuit and any related previous fair housing complaints.

5. **Release.** In exchange for the consideration provided pursuant to this Agreement, the sufficiency of which is hereby acknowledged, all Plaintiffs, together with their heirs, beneficiaries, agents, and assigns, hereby completely, unconditionally, and forever release, acquit and discharge the Association and Burt, and their respective heirs, beneficiaries, agents, assigns, directors, members, insurers and attorneys, from any and all claims, actions or causes of action, at law or in equity, of any kind or nature whatsoever, existing as of the date of this Agreement, whether known or unknown, suspected or unsuspected, asserted or unasserted, including, but not limited to, any and all claims and causes of action which have been or could have been asserted in the Lawsuit or any claims relating to the construction of a fence on Plaintiffs' property or relating in any way to federal or state fair housing laws. This Release shall not apply to any collection-related claims against any of the Association's members regarding assessments potentially levied pursuant to Section (2)(b) hereof or a judgment potentially entered pursuant to Section (2)(c) hereof.

6. **No Admission of Liability.** Plaintiffs and Defendants acknowledge that this Agreement has been executed in connection with the compromise and settlement of disputed claims. This Agreement and any actions taken pursuant thereto do not constitute an acknowledgement or admission on the part of any party of liability for any matter or precedent upon which liability may be assessed, liability being expressly denied.

7. **Non-disparagement.** Plaintiffs and Defendants understand and agree that their respective interests are served if they refrain from making disparaging comments about one another. For this reason, Plaintiffs and Defendants agree that they will not make any voluntary statements, written or verbal, or cause ore encourage others to make such statements that defame or disparage the reputation, practices or conduct of any of the Plaintiffs or Defendants, as applicable. Plaintiffs concede that neither Burt nor the Association, through its directors or officers, have any ability to control the behavior of any of the Association's members who do not serve as an officer or director of same, as the terms of this Agreement are not binding on Association members in their individual capacities (other than Burt).

8. **Governing Law/Venue.** This Agreement shall be governed by and construed in accordance with the laws of the State of Wisconsin, and the obligations, rights and remedies of the parties hereto shall be determined in accordance with such laws. Should any disputes arise under this Agreement, the parties agree that the exclusive venue for such disputes shall be the Brown County Circuit Court.

9. **Voluntary Agreement.** Plaintiffs and Defendants acknowledge that they have had a full and fair opportunity to consult with legal counsel of their own choosing throughout all

negotiations which preceded the execution of this Agreement and in connection with their execution of this Agreement. Plaintiffs and Defendants represent that they have read this Agreement, understand it, voluntarily agree to its terms, and sign it freely.

10. **Entire Agreement.** This Agreement contains the sole and entire agreement of Plaintiffs and Defendants. Plaintiffs and Defendants acknowledge that none of them and no agent, representative or attorney of any of them has made any promise or representation whatsoever, express or implied, concerning the subject matter of this Agreement (or to induce the execution of this Agreement) which is not expressly set forth herein. It is further acknowledged that in executing this Agreement, Plaintiffs and Defendants have not relied upon any promise or representation made by any other party or any other party's agent, representative or attorney except as such promises or representations are expressly set forth herein. No amendment or modification of this Agreement shall be effective unless set forth in writing and signed by all Plaintiffs and Defendants.

11. **No Waivers.** Neither the failure nor any delay on the part of a party to exercise any right, remedy, power or privilege under this Agreement shall operate as a waiver thereof. No waiver shall be effective unless it is in writing and is signed by the party asserted to have granted such waiver.

12. **Headings; Drafting Party.** The headings contained in this Agreement are for convenience and reference purposes only and shall not in any way be construed as affecting the meaning or interpretation of the text of this Agreement. No party shall be deemed the "drafting party" of this Agreement. Consequently, this Agreement shall be construed as a whole, according to its fair meaning and intent, and not strictly construed for or against any party hereto.

13. **Successors and Assigns.** This Agreement shall be binding in all respects upon, and shall inure to the benefit of, all Plaintiffs and Defendants as well as their respective heirs, successors and assigns.

14. **Authority.** Each person executing this Agreement on behalf of a party represents and warrants that he or she has received all necessary power and authority to do so.

15. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Facsimile or electronically signed and/or transmitted signatures shall be effective as originals.

(Signatures follow.)

IN WITNESS WHEREOF, the parties have caused this Agreement to be duly executed as of the date set forth below.

**PLAINTIFFS**

LISA NEWMAN, on her own behalf and on behalf of her minor children, S.N., E.N. and C.N.

Signature: *Lisa Newman*
Date: 07-11-24

MICHAEL NEWMAN, on his own behalf and on behalf of his minor children, S.N., E.N. and C.N.

Signature: *M. Newman*
Date: 01-15-24

**DEFENDANTS**

NAZCR TRAC PROPERTY OWNER'S ASSOCIATION, INC.

Signature: *Kevin Burt*
Name: Kevin Burt
Title: President
Date: 7/1/2024

KEVIN BURT, on his own behalf

Signature: *Kevin Burt*
Date: 7/1/2024