UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LISA NEWMAN, *et al*,

                              Plaintiffs,

   v.                                          Case No. 21-cv-945

NAZCR TRAC PROPERTY OWNER'S ASSOCIATION, INC., and KEVIN BURT,

                              Defendants.

---

### PLAINTIFFS' UNOPPOSED MOTION TO MODIFY ORDER

---

Plaintiffs Lisa Newman, Michael Newman, S.N., E.N. and C.N., by their attorneys, Davis & Pledl, SC, move the Court pursuant to Rule 60(a) & (b)(1), Fed. R. Civ. P. to modify the Order Approving Stipulation and Judgment entered on September 9, 2024 as Document No. 96 to include the following language or to enter a separate order with the following language:

> That funds received on behalf of S.N., E.N. and C.N. are to be transferred for their benefit into Wispact Trust I Sub-Accounts which comply with Wis. Stat., §49.454(4) and 42 USC §1396p(d)(4).

The following grounds are submitted in support of this Motion:

1. Atty. Anthony Steffek - Renning, Lewis & Lacy, s.c. - has reviewed this Motion. Defendant Nazcr Trac Property Owner's Association, Inc. does not object to the Court granting the requested relief.

2. "A special needs trust is a type of trust that allows individuals with disabilities to avoid losing eligibility for Medicaid, which is means-tested." *National Foundation for Special Needs Integrity, Inc.*, 881 F.3d 1023, 1026 (7th Cir. 2018), citing see 42 U.S.C.

1

§ 1396p(d)(4)(C). Proceeds from a legal action may be placed in a special needs trust to preserve a plaintiff's Medicaid eligibility. *Id.*; *Equal Employment Opportunity Commission v. Wal-Mart Stores, Inc.*, 503 F.Supp.3d 801, 818 (W.D. Wis. 2020).

3. Plaintiffs' Complaint contains the following factual allegations:

> 40. Plaintiffs S.N., E.N. and C.N. receive multiple services through Katie Beckett Medicaid and the Children's Long-Term Support Program. They are eligible for these government benefits based on a disability determination and a financial means test. It would be unfair to deprive them of the benefits of damages that are awarded in this case by causing them to lose those benefits.
>
> 41. It is appropriate to authorize the creation of special needs trusts that comply with Wis. Stat. §49.454 and 42 U.S.C. §1396p(d)(4); and order the transfer of damages received by the minor Plaintiffs into that trust to maintain those Plaintiffs' eligibility for government benefits.

[Doc. 1-2, at page 9].

4. Plaintiffs' Complaint contains the following prayer for relief

> D. An order authorizing the creation of special needs trusts and the transfer of damages received by the minor Plaintiffs into those trusts.

[Doc. 1-2, at page 11].

5. Plaintiff Lisa Newman's Declaration in support of the Motion for Preliminary Injunction includes the following:

> S.N., E.N. and C.N. have been found eligible for and participate in the Children's Long Term Care [CLTS] Medicaid Waiver Program. CLTS provides funding to support children with significant disabilities. All three children are eligible for CLTS-funded respite care.

[Doc. 26 - ¶8].

6. This Court's decision acknowledged that the minor Plaintiffs receive "medically necessary Medicaid-funded services." [Doc. 37, at page 11] - *Newman v. Nazcr Trac Property Owners Association, Inc.*, 601 F.Supp.3d 357, 367 (E.D. Wis. 2022).

2

7. On August 29, 2024, Plaintiffs' counsel filed a Stipulation for Judgment Against Nazcr Trac Property Owner's Association, Inc. and for Dismissal of Kevin Burt. [Doc. 93]. A proposed Order for Judgment Against Defendant Nazcr Trac Property Owner's Association, Inc. was attached to the Stipulation. [Doc. 93-3]. The Proposed Order included the following language:

> AND IT IS FURTHER ORDERED that any funds received on behalf of S.N., E.N. or C.N. subsequent to entry of this Judgment are to be deposited or otherwise transferred for their benefit into Wispact Trust I Sub-Accounts which comply with Wis. Stat., §49.454(4) and 42 USC §1396p(d)(4).

8. Defendants' counsel, Anthony Steffek, approved the proposed Order and executed the Stipulation on behalf of the Defendants.

9. The Order Approving Stipulation and Judgment entered on September 9, 2024 as Document No. 96 does not contain language authorizing proceeds to be deposited or otherwise transferred into a Wispact special needs trust.

10. Plaintiffs' counsel submitted applications to establish Wispact special needs trusts for S.N., E.N. and C.N., but Wispact will not complete the application process or accept funds from this case without a court order.

11. Plaintiffs request pursuant to Rule 60(a) or (b)(1), Fed. R. Civ. P., that either the additional language be included in an amended Order Approving Stipulation and Judgment or that the Court enter a separate order with the additional language. It is not necessary to modify the Judgment. A proposed Order is attached to this Motion.

### Rule 60(a)

12. "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

3

Rule 60(a), Fed. R. Civ. P. A court may do so on its own or in response to a motion, and there is no time limit. *Id*.

13. Subsection (a) applies to "changes that implement the result intended by the court at the time the order was entered." *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 985 (7th Cir. 1989), citing see *United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir. 1986). "Thus, in order for an error to be clerical, there must be some inconsistency between what was expressed during the proceedings and what the judgment reflects." *U.S. v. Cotton*, 235 F.Supp.2d 989, 990-1 (E.D. Wis. 2002).

14. The plaintiff in *U.S. v. Cotton* had never requested post-judgment expenses in a proposed order or anywhere else in the pleadings. It sought to do so only after the one-year Rule 60(b)(1) deadline. Rule 60(a) was its only hope, but a party may not introduce something entirely new as a clerical error. The Court held that Rule 60(a) did not apply. *Id.*

15. Our situation is the opposite of *U.S. v. Cotton*. The special needs trust language was requested in the Complaint and in the proposed Order for Judgment. Plaintiffs assume that the Court deviated from the proposed Order because it needed to address an objection from one of the Nazcr Trac Association members. There is no indication that the Court considered and rejected the special needs trust language on the merits. Rule 60(a) does provide a basis for amending the Order Approving Stipulation and Judgment or entering a separate order.

### **Rule 60(b)(1)**

16. If the Court determines that subsection (a) does not apply, the next step is to consider Rule 60(b)(1). "[It] provides for relief from final judgments that are the

4

Case 1:21-cv-00945-WCG   Filed 12/04/24   Page 4 of 5   Document 129

product of mistake, inadvertence, surprise or excusable neglect. This provision applies to errors by judicial officers as well as parties." *Wesco Products*, 880 F.2d at 984-5, citing see *Buggs v. Elgin, Joliet & Eastern Ry. Co.*, 852 F.2d 318, 322 (7th Cir. 1988); *Bank of California v. Arthur Anderson & Co.*, 709 F.2d 1174, 1176 (7th Cir. 1983). There is a one-year time limit. Rule 60(c)(1).

17. The *Wesco* court was asked to conform its order to what it would have done if the court had certain information – several years before. The Seventh Circuit held that would have been an appropriate use of Rule 60(b)(1), but it was too late.

18. Like the *Wesco* case, we are merely asking the Court to consider something that was not addressed at an earlier time. But unlike *Wesco*, Plaintiffs' request here is well within the one-year time limit. Rule 60(b)(1) also provides a basis for amending the original Order or entering a separate order.

Date: December 4, 2024

**DAVIS & PLEDL, SC**
*Attorneys for the Plaintiffs*

/s/ Robert Theine Pledl
By: Robert Theine Pledl
Wis. State Bar No. 1007710
Email rtp@davisandpledl.com

By: Victoria L. Davis Dávila
Wis. State Bar No. 1081053
Email vldd@davisandpledl.com

1661 N. Water Street – Suite 410
Milwaukee, WI 53202
TEL 414-667-0390
FAX 414-978-7282